## JOHN T. BEATTY
### vs.
## MERCHANTS BANK AND TRUST COMPANY, ADMR.
### (Estate of Amelia A. Prowitt)

Superior Court        Fairfield County        File #53597

MEMORANDUM FILED FEBRUARY 18, 1938.

Swayne & Swayne, of Darien, for the Plaintiff.

Sheldon B. Smith, of Norwalk, for the Defendant.

CORNELL, J. First Count—The rule seems to be well established that the validity of the method of transfer of stock in a corporation is governed, not by law of the place where the act of transfer occurs, but by the law of the state or country under which the corporation is incorporated. *State vs. Dunlap,* 28 *Idaho* 784, 156 Pac. 1141, 1145, Ann. Cas. 1918A, 546; *Husband vs. Linehan,* 168 Ky. 304, 181 S.W. 1089, 1092, Ann. Cas. 1917D, 954.

The complaint does not allege in what state the Northern Pacific Railroad Company was incorporated and so it cannot be said as a matter of law that the alleged means of transferring title to the stock of that company did not comply with the law of such state.

The demurrer to this count is, consequently, overruled.

Second Count—It was represented by counsel upon the argument that this count will be withdrawn.

Third Count—Paragraph 1 of the demurrer to this count states that an assignment of "all claims and demands made by Amelia Prowitt, of which she was possessed against Henry T. Prowitt, is void because "executed" on a Sunday. Where an instrument depends for its operative force upon delivery and the delivery takes place on a week day, it would seem obvious that the validity of the transaction cannot be affected by the circumstance that the instrument was executed, though not delivered on a Sunday. It appears that the assignment described was dated April 19, 1936, but there is no allegation of the date when it was delivered. 60 C.J. 1099, §66 and notes. See, also, *Greathead vs. Walton*, 40 Conn. 226.

The second ground of demurrer states that an assignment is set up without consideration and without sufficient allegations to establish a gift. Since neither an assignment upon and for a consideration nor an assignment as a gift is alleged, the facts stated are sufficient to permit the plaintiff to prove either, especially in the absence of a motion for a more particular statement designed to elicit facts indicative of whether one or the other is relied upon.

The fact that the assignment recites a consideration when in fact none passed is merely an evidential element and not a basis upon which to predicate a demurrer in the light of the other allegations of the complaint.

The subject matter of paragraph 4 is argumentative only. If it is claimed that the facts stated in it—which also makes it a "speaking" demurrer—furnish the basis of an equitable estoppel, that is matter of defense.

The demurrer to the first count and that to the third count, are each overruled on all grounds.