[No. 2224.]

ARNETT v. BERG ET AL.

1. **County Courts—Jurisdiction—Equity.**

County courts have jurisdiction of suits in equity where the value of the property in controversy does not exceed two thousand dollars.

2. **Fraud—Limitation—Conveyances.**

The owner of a lot without consideration deeded it to his wife. Afterwards with the knowledge and consent of his wife he deeded the same lot to plaintiff in consideration that plaintiff should pay off certain encumbrances on the lot. Plaintiff had no knowledge of the deed to the wife at the time plaintiff accepted the deed from the husband. Plaintiff paid off the encumbrance and went into possession and made valuable improvements on the lot. Afterwards the wife deeded the lot without consideration to another party who executed a trust deed thereto to the wife. Held, that in an action by plaintiff against the husband and wife the wife's grantee and the trustee in the deed of trust, to quiet title, limitation would begin to run from the time the wife deeded the property to another party and not from the date of the deed to plaintiff.

*Appeal from the District Court of Boulder County.*

Mr. T. M. ROBINSON and Mr. PETRUS NELSON, for appellant.

Mr. T. A. McHARG, of counsel.

Messrs. ESTEB & WOLFF, for appellees.

Mr. O. A. JOHNSON, of counsel.

GUNTER, J.

General demurrer to complaint sustained. From judgment of dismissal plaintiff appeals.

The complaint alleges that April 19, 1893, Frank A. Berg was the owner of lots 10, 11 and 12, block 4, Rose Hill Addition to the city of Boulder; that said date he gave a trust deed thereon to secure the payment of a promissory note of $300, payable to one Harlow; that July 15, 1893, he deeded said lots—without consideration—to his wife, Anna Berg; that Jan-

uary 22, 1894, said Frank A. Berg and Anna Berg
made a trust deed on said lots securing the payment
of a promissory note of $249, payable to Frank Louns-
berry; that June 17, 1895, Frank A. Berg agreed with
plaintiff, Mary G. Arnett, to convey to her said lots in
consideration of her agreeing to discharge the said
Harlow and Lounsberry notes, and in pursuance
thereof made a deed of said lots to plaintiff; that at
the date of last mentioned conveyance plaintiff was
in ignorance of the conveyance of January 22, 1894,
by Frank A. Berg to Anna Berg, and plaintiff then
and there believed that she was acquiring said lots
subject to the trust deeds securing the notes assumed;
that said Anna Berg at the time of making the said
contract between Frank A. Berg and plaintiff, and
at the time of the execution of the deed from Frank
A. Berg to plaintiff, knew of the contract and deed
and intended that plaintiff should acquire thereby all
the rights of herself and husband in said lots; that
she consented to the making of said contract and deed,
and acquiesced therein until April 8, 1899; that plain-
tiff went into possession of said lots in pursuance of
said agreement and deed under the belief that she
thereby became the owner thereof, and that ever since
said date—except from June, 1898, to May, 1899, dur-
ing which time Jennie Devlin held title to said lots
11 and 12—she has been, and now is the owner and
in possession of said lots, and while so in possession
has made valuable and permanent improvements
thereon; that in pursuance of said agreement with
Frank A. Berg she has discharged the said two notes
assumed by her, and that the trust deeds securing the
same have been released; that she has paid all taxes
assessed upon said lots for the years 1894 to 1897, in-
clusive, and for the first half of 1898; that no claim
upon said lots was made by the said Anna Berg until
April 8, 1899; that on last mentioned date Anna Berg,

with the concurrence of Frank A. Berg, without any consideration therefor, executed a warranty deed purporting to convey said lots to one Pyle, who paid no consideration therefor, but took the same in secret trust for Anna Berg and Frank A. Berg with the intent of defrauding plaintiff of her interest therein. On the date of the execution of said deed by Anna Berg to Pyle the latter gave a trust deed on said lots to secure a pretended note to her of $300.

Plaintiff prays judgment quieting the title in her as against Frank A. Berg, Anna Berg, Pyle and the trustee in the trust deed securing said pretended note of $300. Other relief is asked immaterial to this ruling.

The complaint contains the further allegation that the value of the property involved does not exceed the sum of two thousand dollars.

Appellees contend that the judgment of dismissal should be affirmed, and assign as reason therefor, that the cause of action sued on was equitable; that the county court has no equity jurisdiction, therefore its judgment dismissing for want of jurisdiction the equitable action was right. This contention is determined by our constitutional and statutory law:

"County courts shall be courts of record and shall have original jurisdiction in all matters of probate * * * and such other civil * * *. jurisdiction as may be conferred by law; provided such courts shall not have jurisdiction in any case where the debt, damage, or claim, or value of the property involved shall exceed two thousand dollars, except in cases relating to the estate of deceased persons."—Const., art. 6, sec. 23; Mills' Ann. Stats., vol. 1, sec. 395, p. 272.

"The district courts shall have original jurisdiction of all causes both at law and in equity * * *."—Const., art. 6, sec. 2; Mills' Ann. Stats., vol. 1, sec. 383, p. 265.

"County courts of the several counties of this state shall hereafter have concurrent jurisdiction with the district courts in all civil actions, suits, and proceedings whatsoever, where the debt, damage or claim, or the value of the property involved shall not exceed two thousand dollars."—Mills' Ann. Stats., vol. 1, sec. 1054, p. 834.

By section 23, *supra,* county courts may have such civil jurisdiction as shall be conferred by law within the two thousand dollar limit.

By section 2, *supra,* the district court has original jurisdiction of all causes both at law and in equity.

Section 1054, *supra,* confers upon the county court concurrent jurisdiction with the district court in all civil actions, suits, and proceedings whatsoever within the two thousand dollar limitation.

The suit under consideration was a civil action of which the district court would have had jurisdiction; as the value of the property involved was within the jurisdictional limit, the county court under section 1054, *supra,* had concurrent jurisdiction with the district court of the action.

A recognition of the equitable jurisdiction of the county court appears throughout our constitutional and statutory law. Were it necessary to invoke it, the unchallenged practice in the state during more than a quarter of a century could be given weight in support of the conclusion we have reached.

As stated above, the deed from Frank A. Berg to Anna Berg was made July 15, 1893, and was recorded July 17, same year. June 17, 1895, the deed from Frank A. Berg to plaintiff was made. The present suit was instituted July 29, 1899.

Defendants contend that the action is barred under Mills' Ann. Stats., vol. 2, sec. 2911, p. 1641, providing in substance that bills for relief on ground of fraud shall be filed within three years after the dis-

covery of facts constituting such fraud, and not afterwards.

A sufficient answer to this contention is that no fraud was intended to be perpetrated, or was perpetrated, until April 8, 1899, when Frank A. Berg and Anna Berg denied that plaintiff was the owner in fee of the premises in suit. The present action was instituted within five months of such time. It is unnecessary to discuss other reasons assigned why this action is not within the statute. The court erred in sustaining the demurrer. Its judgment should be reversed.

*Reversed.*