(April 16, 1906.)·

# ELMER R. DEWEY et al., Respondents, v. SCHREIBER IMPLEMENT COMPANY, Appellant.

[85 Pac. 921.]

CONSTITUTIONAL LAW—JURISDICTION OF PROBATE COURTS—LIENS AND MORTGAGES—ACTIONS AT LAW—COURTS OF RECORD—LAW AND EQUITY—AMENDMENT TO SECTION 3841, REVISED STATUTES VOID.

1. Under the organic act of the territory of Idaho from its passage to December 13, 1870, the probate courts of the territory of Idaho had no jurisdiction to hear and determine civil cases, but had original jurisdiction in all matters of probate, settlement of estates of deceased persons and appointment of guardians. On the thirteenth day of December, 1870, Congress passed an act giving to the probate courts of Idaho territory, in addition to their probate jurisdiction, jurisdiction to hear and determine all civil cases wherein the debt or damage claimed did not exceed the sum of $500, exclusive of interest, and jurisdiction in criminal cases arising under the laws of the territory that did not require the intervention of a grand jury.

2. Under the provisions of section 21 of article 5 of the state constitution probate courts are given original jurisdiction in all matters of probate, settlement of estates of deceased persons and appointment of guardians, and also jurisdiction to hear and determine all civil cases wherein the debt or damage claimed does not exceed the sum of $500 exclusive of interest, and concurrent jurisdiction with justices of the peace in criminal cases.

3. The civil cases referred to in said section are such cases as are required to be settled in actions at law, and do not include suits in equity for the foreclosure of liens or mortgages on real estate.

4. Probate courts are courts of record only in matters of probate, settlement of estates of deceased persons and the appointment of guardians, and are not courts of record in proceedings in civil and criminal actions.

5. While by the provisions of section 1, article 5 of the state constitution the distinctions between actions at law and suits in equity and the forms of such actions and suits are prohibited, that does not abolish the rules of law and equity.

6. The legislative act approved February 27, 1903 (Sess. Laws, p. 94), amending the ninth subdivision of section 3841, Revised Statutes, wherein it extends the jurisdiction of the probate court to try and determine actions to enforce mechanics' and laborers' liens and mortgages and other liens upon real property, *held,* unconstitutional and void.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for Latah County.   Hon. Edgar C. Steele, Judge.

Action to foreclose laborers' liens.   Judgment for the plaintiffs.   *Reversed.*

S. S. Denning and George G. Pickett, for Appellant.

The provision in Session Laws of Idaho of 1903, page 94, extending to probate courts jurisdiction to foreclose real and personal mortgages, and also all liens up to an amount of $500, confers, on the said court, general equity jurisdiction, and is unconstitutional. (Idaho Const., art. 5. secs. 20, 21; Idaho Rev. Stats. 1887, sec. 3841, subd. 9; *People v. Durrell,* 1 Idaho, 44; *Moore v. Koubly,* 1 Idaho, 55; *Ferris v. Higley,* 20 Wall. 375, 22 L. ed. 383; *Clayton v. Utah,* 132 U. S. 632, 33 L. ed. 455, 10 Sup. Ct. Rep. 190; *Perea v. Berela,* 5 N. Mex. 458, 23 Pac. 766; *Perea v. Berela,* 6 N. Mex. 239, 27 Pac. 507; *Marshall v. Marshall,* 11 Colo. App. 505, 53 Pac. 617; *McCray v. Baker,* 3 Wyo. 192, 18 Pac. 749; *Wetz v. Eliot,* 4 Okla. 618, 51 Pac. 657; Sess. Laws, 1905, p. 28; Rev. Stats., sec. 4666, subds. 15; secs. 4668-4675; *Locknane v. Martin,* 1 McCahon (Kan.), 60; *Dewey v. Dyer,* 1 McCahon (Kan.), 77; *Mayberry v. Kelley,* 1 Kan. 116; *Bean v. Given,* 5 Idaho, 774, 5 Pac. 987.)

The fathers of the constitution intended to adopt, and did adopt, subdivision 9 of section 3841, Revised Statutes, as being the limit of the civil jurisdiction of probate courts conferred by section 21 of article 5 of the constitution, and as it had been interpreted both by the supreme court and the legislature of the territory.   Congress expressly withheld chancery powers

and the constitution never intended to confer it. (*Christensen v. Hollingsworth,* 6 Idaho, 87, 96 Am. St. Rep. 256, 53 Pac. 211; *Quayle v. Glenn,* 6 Idaho, 549, 57 Pac. 308.)

Forney & Moore and W. N. Morgan, for Respondents.

Instead of restricting the jurisdiction of the probate courts, the object of the framers of the constitution was to leave the jurisdiction open, so that it might be enlarged when deemed necessary by the legislature. When a purpose or a prior law is continued, usually its words are continued, and an omission of the words implies an omission of the purpose. (*Pirie v. Chicago Title Co.,* 182 U. S. 438, 45 L. ed. 1171, 21 Sup. Ct. Rep. 906.)

The supreme court of Colorado, under a constitutional provision similar to ours, has uniformly held that the legislature could confer equity jurisdiction on the county courts. (*Arnett v. Berg,* 18 Colo. App. 341, 71 Pac. 636.)

SULLIVAN, J.—This action was brought in the probate court of Latah county, to foreclose two laborers' liens against the appellant Jones, who was the employer, upon the same crop of grain. The other appellants were interpleaded as defendants. The complaint contained the usual allegations of a complaint in this kind of an action. The appellant Jones appeared and demurred, and his demurrer being overruled, made no further appearance in the case. The respondents, Miller and Mannering, did not appear, and the appellant, the Schreiber Implement Company, answered and put in issue the material allegations of the complaint, and for an affirmative defense they denied the jurisdiction of the probate court to hear and determine an action for the foreclosure of laborers' liens, and also that the claim of the respondent Brewster was fraudulent. Other matters of affirmative defense were set up, but it is not necessary to state them here. After a trial of the case, the court entered judgment and decree foreclosing

said laborers' liens.  The appeal is from the judgment, and the main question for decision involves the jurisdiction of the probate court to hear and determine equity suits foreclosing liens upon real estate and the constitutionality of an act approved the twenty-seventh day of February, 1903 (Sess. Laws, p. 94), amending section 3841 of the Revised Statutes, relating to the jurisdiction of probate courts.  Prior to that amendment it is not contended that the probate court had equity jurisdiction to hear and determine equity cases.  In order to determine this question we shall trace the jurisdiction of our probate courts during our existence as a territory and state. The organic act was the constitution of the territory up to the time Idaho was admitted as a state.  Prior to December 13, 1870, the probate courts of the territory of Idaho had no jurisdiction to hear and determine civil cases, but on that date Congress passed an act giving to probate courts, in addition to their probate jurisdiction, jurisdiction to hear and determine all civil cases wherein the debt or damage claimed did not exceed the sum of $500, exclusive of interest, and jurisdiction in criminal cases arising under the laws of the territory that did not require the intervention of·a grand jury.  In that act of Congress it is also provided as follows: ''That they (probate courts) shall not have jurisdiction in any matter in controversy when the title, tenure or right to the peaceable possession of land may be in dispute or in chancery or divorce cases.''  That act of Congress continued in force and defined the jurisdiction of probate courts up to the time of Idaho's admission as a state.  We will observe here the territorial legislature passed an act conferring appellate jurisdiction· upon the probate courts in civil cases, and in *Moore v. Koubly,* 1 Idaho, 55, the supreme court of the territory held said act in conflict with the organic act of the territory and void.  The opinion in that case is an interesting one and holds that the probate courts of the territory of Idaho as established by the organic act were tribunals of limited jurisdiction, and that the name or terms by which those courts are designated have a clearly defined or well-

known meaning in our jurisprudence. And the nature and scope of authority possessed by the probate courts are well understood by the name of those courts, and it is there stated, "And yet no one would contend for a moment that because the legislature are not inhibited by express terms, therefore they may confer, for instance, chancery powers upon justices' courts." And the conclusion reached in this case was that when Congress used the terms by which they designated the probate courts, they intended to and did use those terms by which such courts were denominated with reference to their well-known and uniformly accepted definition, and they intended to confer upon and invest these courts, respectively, with such jurisdiction and such powers only as legitimately and properly belonged to them as indicated by their titles, and the court there held said act of the legislature in conflict with the organic act. After that decision was rendered, in 1866, and no doubt sufficient reason appearing therefor, Congress passed the act of 1870 above referred to, conferring additional jurisdiction on the probate courts, in that it gave them jurisdiction to hear and determine civil cases wherein the debt or damage did not exceed $500, and criminal jurisdiction concurrent with justices of the peace. (See, also, *Ferris v. Higley,* 20 Wall. 375, 22 L. ed. 383.)

The framers of the constitution of the state of Idaho, by section 2 of article 5, have declared that the judicial power of the state shall be vested in a court for the trial of impeachments, a supreme court, district court, probate courts, courts of justices of the peace, and such other courts inferior to the supreme court as may be established by law for incorporated city or town. By section 9 of that act the jurisdiction of the supreme court is defined. By section 20 it is provided that district courts shall have original jurisdiction in all cases both at law and in equity, and such appellate jurisdiction as may be conferred by law. Section 21 of said article is as follows: "The probate courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and appointment

of guardians; also jurisdiction to hear and determine all civil cases wherein the debt or damage claimed does not exceed the sum of five hundred dollars, exclusive of interest and concurrent jurisdiction with justices of the peace in criminal cases.'' We do not think that the framers of the constitution intended to grant equity jurisdiction to probate courts outside of whatever equity jurisdiction they may have in all matters of probate, settlement of estates of deceased persons and appointment of guardians. It is suggested that the probate courts of the state of Colorado under the provisions of the constitution of that state have been given equity jurisdiction at least as far as the foreclosure of liens and mortgages are concerned. But it will be observed that section 23, article 6 of the constitution of that state is different from said section 21, article 5 of the constitution of Idaho, and provides that ''County courts shall be courts of record, and shall have original jurisdiction in all matters of probate . . . . and such other civil . . . . jurisdiction as may be conferred by law.'' That constitution there provides that other jurisdiction may be conferred on the county courts by law. Said section of the Colorado constitution is cited by the supreme court of Colorado in *Arnett v. Berg*, 18 Colo. App. 341, 71 Pac. 636, and it is said in that case that ''a recognition of the equitable jurisdiction of the county court appears throughout our constitutional and statutory law. Were it necessary to invoke it, the unchallenged practice in the state during more than a quarter of a century could be given weight in support of the conclusion we have reached.'' That statement could not be applied to the probate courts of this state, for I do not think the legal profession or courts of this state ever considered that the probate courts of the state had any equitable jurisdiction in civil cases, at least prior to the amendment of said section 3841 of the Revised Statutes made in 1903 and above referred to. The unchallenged practice of this state during Idaho's existence as a territory and state would give weight in support of the conclusion that the probate courts of the state have no equity jurisdiction.

The probate courts of this state are courts of record only in all matters of probate, settlement of estates of deceased persons, and appointment of guardians, and section 3842 of the Revised Statutes provides that the proceedings of probate courts are construed in the same manner and with like intendments as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees there is accorded like force and effect and legal presumptions as to the records, orders, judgments and decrees of district courts, and it is there provided that said section shall be applicable to probate proceedings, records, orders, judgments and decrees only. The probate court is not a court of record in the trial of civil and criminal cases, but its record and judgments in those matters are placed on the same footing with the records and judgments of justices of the peace. By an act of the legislature which became a law on the second day of February, 1905 (Sess. Laws, p. 29), it is provided that in all civil suits and within its civil jurisdiction all proceedings in the probate court, rules of practice, pleading and procedure shall be the same as that provided by law for justices of the peace. The pleadings in justices' courts by the provisions of section 4666 of the Revised Statutes are not required to be in any particular form, and may be oral except the complaint, and the lawyer as well as the layman cannot fail to understand in what an uncertain condition the title to real estate might be left and placed by giving jurisdiction to foreclose liens and mortgages to courts. where the practice proceedings and records are as loose and uncertain as they are in the justices' court. This suggestion, however, would not affect the constitutionality of said act extending the jurisdiction of probate courts if that was warranted by the constitution. If the contention of the respondent is correct, then the legislature has the authority to confer general equity jurisdiction on the probate court in all civil cases where the debt or damage does not exceed $500, and might give them jurisdiction to hear and determine divorce cases. If probate courts have jurisdiction in such cases, the title to

real estate involved in the foreclosure of liens and mortgages would to a certain extent be dependent upon the records of a court that is not a court of record, would be shadowy and very uncertain indeed, and not as permanent as our law contemplates such titles should be. We do not think that was the intention of the framers of the constitution, but it is clear to us that the intention was to confer only jurisdiction to hear and determine actions at law where the debt or damage exclusive of interest, does not exceed $500. We recognize the fact that the distinction between suits in equity and actions at law has been prohibited, and that in this state there is but one form of action for the enforcement or protection of private rights or redress of private wrongs, which is denominated as a civil action. That, however, does not abolish the rules of law or rules of equity; they remain, although the distinction between the actions at law and suits in equity and the forms of such actions and suits are prohibited by our constitution.

We therefore conclude that the amendment to paragraph 9 of section 3841 of the Revised Statutes, granting to the probate court jurisdiction to hear and determine actions to enforce mechanics' and laborers' liens, mortgages and other liens upon real and personal property, is in violation of the provisions of the clearly implied prohibition of section 21 of article 5 of the state constitution, and void. The judgment is therefore reversed and the case remanded, with instructions to dismiss the action. Costs in favor of the appellant.

Stockslager, C. J., and Ailshie, J., concur.