IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 39069

| | | |
|---|---|---|
| TERRENCE F. BAGLEY and JOHN KELLY BAGLEY, | ) ) ) | Idaho Falls, May 2013 Term |
| Plaintiffs-Counterdefendants-Respondents, | ) ) ) | 2013 Opinion No. 90 |
| | ) | Filed: August 16, 2013 |
| v. | ) ) | Stephen Kenyon, Clerk |
| BYRON T. THOMASON and MARILYNN THOMASON, | ) ) ) | |
| Defendants-Counterplaintiffs-Appellants. | ) ) ) | |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Madison County. Hon. Darren B. Simpson, District Judge.

The judgment of the district court is affirmed.

Marilynn Thomason, Rexburg, pro se appellant.

Beard St. Clair Gaffney, PA, Idaho Falls, for respondents. Lance J. Schuster argued.

_____

HORTON, Justice.

This appeal arises from the grant of a motion for judgment on the pleadings in a quiet-title action. This is the third appeal pursued by Byron Thomason (deceased) and his wife Marilynn Thomason (Thomasons) against the brothers Terrence Bagley and John Bagley (the Bagleys). In the first appeal, this Court affirmed the district court's order quieting title to real property in the Bagleys and awarding them attorney fees. *Bagley v. Thomason*, 149 Idaho 799, 241 P.3d 972 (2010) (*Bagley I*). In the second appeal, this Court affirmed the district court's decision granting the Bagleys certain shares of water previously held by the Thomasons. *Bagley v. Thomason*, 149 Idaho 806, 241 P.3d 979 (2010) (*Bagley II*). Subsequent to the filing of the notices of appeal, the Bagleys were awarded attorney fees and obtained a writ of execution to satisfy the judgment for attorney fees. Pursuant to the writ of execution, the sheriff seized some of the Thomasons' personal property to satisfy the judgment. The Thomasons' requests for

1

exemption and emergency stay were denied. After this Court's opinion in *Bagley I* was released, the Bagleys moved for and were granted judgment on the pleadings. The Thomasons appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In July 2007, the Thomasons and the Bagleys executed a warranty deed and an "Agreement to Reconvey" wherein the Bagleys agreed to pay outstanding debt of the Thomasons in the amount of $147,225.58. The Thomasons conveyed to the Bagleys certain real property located in Madison County, Idaho. The agreement to reconvey specified that the Bagleys would convey the property back to the Thomasons upon repayment of the debt plus interest by January 2008. The agreement also specified that if the Thomasons failed to repay the debt, the Agreement to Reconvey would be nullified and the Bagleys would retain the property. The Thomasons did not repay the debt. In May 2008, the Bagleys brought suit to quiet title in the property. The Bagleys moved for partial summary judgment, which the district court granted in October 2008, quieting title to the property in the Bagleys. The Thomasons filed their notice of appeal on December 22, 2008. On February 9, 2009, while the appeal was pending, the district court found that the Bagleys were the prevailing party and awarded them costs and attorney fees in the amount of $12,225.36. On August 19, 2009, the Bagleys obtained a writ of execution for the judgment for attorney fees. The Thomasons claimed an exemption and requested an emergency stay, which this Court denied.

On appeal, this Court affirmed the decision of the district court quieting title to the property in the Bagleys. *Bagley I*, 149 Idaho at 805, 241 P.3d at 978. This Court also affirmed the award of attorney fees. *Id.* at 804, 241 P.3d at 977. The Court held that the Bagleys had standing to bring the underlying quiet title action and that the Thomasons failed to raise the issue of whether the warranty deed was void for failing to include the grantees' complete address. After this Court's decisions in *Bagley I* and *Bagley II*, the Thomasons requested that the district court reverse the orders it issued after the notice of appeal was filed. The Bagleys objected to that motion and filed a motion for judgment on the pleadings.[1] The district court[2] heard arguments on both motions, and gave the parties additional time to brief the motion for judgment on the pleadings. The district court then denied the Thomasons' Motion to Reverse Orders and granted

---

[1] It is unclear why this motion was filed. The district court had earlier entered its "Final Order Regarding Claims." In that order, the district court, relying on the parties' representations in open court that there were "no additional claims pending," determined that it had "adjudicated all of the claims, rights and liabilities of the parties in this case and no additional matters are pending."

[2] A different district judge was assigned to the case following the entry of the Final Order Regarding Claims.

the Bagleys' Motion for Judgment on the Pleadings.[3] The district court held that it had jurisdiction to award attorney fees after the notice of appeal was filed, that it had jurisdiction to deny the Thomasons' request for exemption, and that no factual issues remained. The district court thereafter considered the Thomasons' motion for reconsideration of its previous orders and the Bagleys' responsive motion for award of sanctions. The district court denied the Thomasons' motion for reconsideration and awarded the Bagleys the attorney fees they incurred in resisting the motion.

The Thomasons appeal *pro se*, arguing that the Bagleys did not have standing to bring this action, that the district court did not have subject matter jurisdiction, and that the district court violated the Thomasons' equal protection rights. We affirm.

## II. STANDARD OF REVIEW

"I.R.C.P. 12(c) governs motions for judgment on the pleadings. By its terms, Rule 12(c) treats such motions similarly to motions for summary judgment. Thus, the standard of review applicable to lower courts' rulings on motions for summary judgment also applies to motions for judgment on the pleadings." *Trimble v. Engelking*, 130 Idaho 300, 302, 939 P.2d 1379, 1381 (1997). Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c); *G & M Farms v. Funk Irr. Co.*, 119 Idaho 514, 516-17, 808 P.2d 851, 853-54 (1991). Furthermore, "[a]ll doubts are to be resolved against the moving party, and the motion must be denied if the evidence is such that conflicting inferences may be drawn therefrom, and if reasonable people might reach different conclusions." *Id*.

## III. ANALYSIS

### A. Subject Matter Jurisdiction

The Thomasons argue that the district court lacked subject matter jurisdiction because the warranty deed did not contain the Bagleys' complete address as required by I.C. § 55-601. Subject matter jurisdiction is "the power to determine cases over a general type or class of

---

[3] The district court did not enter judgment on the pleadings. Rather, the district court treated the motion as a motion for summary judgment. The district court determined that summary judgment dismissing the Thomasons' counterclaims was appropriate for two independent reasons: (1) the Thomasons had abandoned their counterclaims, based upon the hearing which resulted in the earlier Final Order Regarding Claims; and (2) the Thomasons had failed to demonstrate the existence of a genuine issue of material fact as to each of the three counts in their counterclaims.

dispute." *Bach v. Miller*, 144 Idaho 142, 145, 158 P.3d 305, 308 (2007). The Idaho Constitution grants the district courts of this State original jurisdiction over all matters at law and in equity. Idaho Const. art. V, § 20. This case was originally a quiet title action. This Court has long held that our district courts have subject matter jurisdiction to adjudicate quiet title actions. *Id*.; *Whitney v. Randall*, 58 Idaho 49, 56, 70 P.2d 384, 387 (1937). Thus, we reject the Thomasons' argument that the district court lacked subject matter jurisdiction because the grantees' address was not contained in the deed.[4]

This argument seems to be a variation of an argument presented in the Thomasons' second appeal before this Court, in which the Thomasons argued that the Bagleys lacked standing because the deed did not comply with I.C. § 55-601. *Bagley II*, 149 Idaho at 807, 241 P.3d at 980. There, the Thomasons failed to understand that there is a difference between the merits of a party's case and that party's standing. This Court reiterated the principle that "a party can have standing to bring an action, but then lose on the merits." *Id*. (citing *Miles v. Idaho Power Co.*, 116 Idaho 635, 778 P.2d 757 (1989)). Likewise, whether a district court has subject matter jurisdiction is not dependent upon the merits of the action.

**B. Standing**

The Thomasons next argue that the Bagleys lacked standing to bring this lawsuit. They do so by citing some general principles of law regarding standing, but without any explanation as to why the Bagleys are without standing. This issue has already been decided by this Court. *Bagley I*, 149 Idaho at 802, 241 P.3d at 975. There, we held that the "Bagleys have standing to bring their quiet title action." *Id*. Our previous decision brings the law of the case doctrine into play.

> The doctrine of "law of the case" is well established in Idaho and provides that upon an appeal, the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal.

*Swanson v. Swanson,* 134 Idaho 512, 515, 5 P.3d 973, 976 (2000) (internal citations omitted). The Thomasons have not demonstrated a change in circumstances subsequent to our decision in *Bagley I* that would deprive the Bagleys of standing. Therefore, our previous determination that

---

[4] The Thomasons argued in their first appeal to this Court that the warranty deed was invalid because it did not contain the grantees' address. However, this Court declined to address the issue because it was not raised at the district court level. *Bagley I*, 149 Idaho at 802, 241 P.3d at 975.

the Bagleys had standing to bring the quiet title action "must be adhered to" in this "subsequent appeal" and we hold that the Thomasons' argument regarding standing is without merit.

## C. Orders After Notice of Appeal Filed

In an argument that advances a confusing blend of legal standards, the Thomasons argue that the district court abused its discretion by entering orders and making rulings on various issues over which the court lacked subject matter jurisdiction. We understand this argument as referring to *Bagley I*, where we stated that "[u]pon the filing of Thomasons' notice of appeal, the district court lost jurisdiction over the entire action except as provided in Rule 13 of the Idaho Appellate Rules." 149 Idaho at 804, 241 P.3d at 977 (citing *Diamond v. Sandpoint Title Ins., Inc.*, 132 Idaho 145, 148, 968 P.2d 240, 243 (1998)). Assuming that we have correctly discerned the gist of the Thomasons' argument, they are asserting that the district court lacked jurisdiction to make rulings on motions or to enter orders following the filing of their notice of appeal. One of the orders referenced by the Thomasons is the award of attorney fees. However, this Court addressed that order in *Bagley I*, noting that I.A.R. 13(b)(9) allows the district court to "make any order regarding the taxing of costs or determination of attorneys fees incurred in the trial of the action." *Id*. This Court did express concern regarding the timing of that award, even though it was not raised on appeal by the Thomasons, in the following footnote:

> Although the district court had jurisdiction to award costs, including attorney fees, they are awarded to the prevailing party in *the action*. Idaho R. Civ. P. 54(d)(1)(B) (emphasis added). Where a party prevails only in part, the court "may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained." *Id.* The court cannot do so after considering "all of the claims involved in the action and the resultant judgment or judgments obtained" until all of the claims between the relevant parties have been resolved. All of Bagleys' claims and Thomasons' counterclaims were not resolved when the district court awarded Bagleys court costs, including attorney fees, for prevailing on one of their claims. Thomasons have not argued on appeal that the district court erred in awarding costs before there was a prevailing party in the action, and nothing herein should be construed as holding that a trial court can award court costs, including attorney fees, on a piecemeal basis as each claim between the parties is decided.

*Id*. at 804, n.4, 241 P.3d at 977, n.4 (emphasis in original). As before, however, the Thomasons do not allege error in the timing of the award of attorney fees. Rather, they assert that the district court lacked subject matter jurisdiction to issue any orders whatsoever. With respect to the issue of attorney fees, this Court has already ruled that the district court had subject matter jurisdiction.

5

Another of the Thomasons' arguments may be interpreted as an objection to the issuance of a writ of execution and the district court's order denying their claim of exemption while the appeal was pending, as the Thomasons argue that they are entitled to have all of their personal property returned. This argument is without merit.

When a Rule 54(b) certificate is issued after the district court enters a partial judgment and that partial judgment is appealed, the district court loses jurisdiction over the entire action while the appeal is pending, except as provided in I.A.R. 13. I.R.C.P. 54(b)(2). After a notice of appeal has been filed, there is a fourteen day automatic stay imposed on all "proceedings and execution of all judgments or orders in a civil action in the district court." I.A.R. 13(a). "Any further stay shall be only by order of the district court or the Supreme Court." *Id*. However, a district court is not prevented from taking any action in a case simply because an appeal is pending. Idaho Appellate Rule 13 identifies the actions that a district court may take during the pendency of an appeal, unless specifically prohibited by order of this Court. I.A.R. 13(b). The district court retains authority to "[t]ake any action or enter any order required for the enforcement of any judgment or order." I.A.R. 13(b)(13). Indeed, a district court does not have the power to stay enforcement of a money judgment unless the party against whom judgment is entered posts a cash deposit or supersedeas bond equal to 136% of the judgment. I.A.R. 13(b)(15).

After judgment was entered quieting title in the Bagleys, the district court entered an award of attorney fees and costs in the amount of $12,225.36. The order regarding attorney fees was entered February 9, 2009. However, the notice of appeal for the quiet title action was filed prior to that order on December 22, 2008. The district court also entered two orders denying the Thomasons' motions to declare certain property exempt from execution. The Thomasons appear to argue that the district court lacked jurisdiction to enter these orders after the notice of appeal was filed. Idaho Appellate Rule 13(b)(13) specifically authorizes a district court to enter any order required for the enforcement of a judgment. Because a cash deposit or bond was not submitted, the district court did not have the authority to stay execution of the judgment. The Thomasons have not advanced an argument that the district court erred when it determined that the personal property was not exempt. Thus, we can find no error in the district court's entry of the orders subsequent to the notice of appeal.

6

To the extent that the Thomasons argue that the district court erred by granting summary judgment as to their counterclaims, they have failed to identify a genuine issue of material fact as to any one of the three counts advanced therein. We therefore affirm the district court's judgment.

**D. Equal Protection**

The Thomasons argue that the district court violated their equal protection rights by not dismissing the Bagleys' case. This assertion is accompanied by little to no argument. The Thomasons cite two cases, one dealing with access to the judicial system and the other dealing with intentional and arbitrary discrimination. However, the Thomasons do not explain how they were prevented from accessing the legal system or how they were subject to discrimination. "The first step in an equal protection analysis is to identify the classification at issue." *McLean v. Maverik Country Stores, Inc.*, 142 Idaho 810, 813, 135 P.3d 756, 759 (2006). Because the Thomasons have utterly failed to identify the classification at issue or argue how their equal protection rights were violated, we will not further consider this claim as "this Court does not consider issues not supported by argument or authority. *Cowan v. Bd. of Comm'rs of Fremont Cnty.*, 143 Idaho 501, 508, 148 P.3d 1247, 1254 (2006).

**E. Attorney Fees**

We have repeatedly addressed our expectations of self-represented litigants in proceedings before this Court.

> Pro se litigants are not entitled to special consideration or leniency because they represent themselves. To the contrary, it is well-established that courts will apply the same standards and rules whether or not a party is represented by an attorney and that pro se litigants must follow the same rules, including the rules of procedure. *Michalk v. Michalk,* 148 Idaho 224, 229, 220 P.3d 580, 585 (2009) (citations and quotations omitted); *Suitts v. Nix,* 141 Idaho 706, 709, 117 P.3d 120, 123 (2005); *Twin Falls Cnty. v. Coates,* 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003).

*Bettwieser v. New York Irrigation Dist.*, 154 Idaho 317, ___, 297 P.3d 1134, 1139 (2013). The Bagleys argue they are entitled to attorney fees on appeal under I.C. § 12-121 because this appeal was frivolous as all issues presented were addressed in prior appeals. "To receive an I.C. § 12–121 award of fees, the entire appeal must have been pursued frivolously, unreasonably, and without foundation." *Carrillo v. Boise Tire Co., Inc.*, 152 Idaho 741, 756, 274 P.3d 1256, 1271 (2012). This appeal meets that standard. This is the Thomasons' third attempt to have this Court overturn the decision quieting title to the property in the Bagleys. To the extent that this Court

was able to identify legal issues presented in this appeal, these issues were not properly addressed by authority or argument. Thus, we award attorney fees to the Bagleys.

## IV. CONCLUSION

We affirm judgment of the district court and award costs and attorney fees on appeal to the Bagleys.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES, **CONCUR**.