HORTON, J.,
dissenting.
I respectfully dissent. In this appeal, Lee claims that the district court erred by denying his motion to strike a single sentence from the judgment of acquittal that this Court instructed the district court to enter in our decision in State v. Lee, 153 Idaho 559, 563, 286 P.3d 537, 541 (2012). Lee advanced three theories in support of his claim that the district court erred: (1) the district court lacked subject matter jurisdiction to include the language to which he objects; (2) the district court abused its discretion by failing to act consistently with the governing legal standards on remand; and (3) the district court violated his procedural due process rights. Rather than addressing these claims, *447 which are without merit, the Court has elected to exercise its supervisory power under Article V, § 2 of the Idaho Constitution to direct the district court to grant the motion as the sentence was “surplus and unnecessary.”
I first consider Lee’s arguments. He asserts that the district court lacked subject matter jurisdiction to include the offending sentence. “Subject matter jurisdiction is ‘the power to determine cases over a general type or class of dispute.’ ” Bagley v. Thomason, 155 Idaho 193, 307 P.3d 1219, 1222 (2013) (quoting Bach v. Miller, 144 Idaho 142, 145, 158 P.3d 305, 308 (2007)). Clearly, the district court had the power to enter a judgment of acquittal. That, after all, is precisely what this Court directed the district court to do. The district court’s expression of hope “that the authorities will be able to keep a closer watch” on Lee because “he is a serious pedophile” did not constitute “a determination of any type or class of dispute.” To the contrary, the expression of the district court’s hopes reflected a clear understanding of the separation of powers under the Idaho Constitution and the district court’s recognition that the executive, rather than the judiciary, is charged with the supervision of paroled offenders. Thus, I find no merit in Lee’s contention that the district court lacked subject matter jurisdiction.
Lee next argues that the district court abused its discretion when it denied his motion to strike “by failing to act consistently with the legal standards applicable to remand.” This argument, of course, reflects the familiar three-part standard of review this Court applies when reviewing discretionary decisions of the lower courts. “To determine whether a trial court abused its discretion, this Court inquires whether the trial court: (1) correctly perceived the issue as discretionary; (2) acted within the boundaries of its discretion; and (3) acted consistently with applicable legal standards and reached its decision by an exercise of reason.” J-U-B Engineers, Inc. v. Security Ins. Co. of Hartford, 146 Idaho 311, 315, 193 P.3d 858, 862 (2008).
The legal standard identified by Lee is I.A.R. 38(c), which requires that a remittitur shall inform “the district court or administrative agency that the opinion has become final and that the district court or administrative agency shall forthwith comply with the directive of the opinion.” In this case, the district court promptly complied with the our directive to enter a judgment of acquittal. Lee merely takes exception to the manner in which the district court did so. Unfortunately, unlike I.R.C.P. 54(a) which governs civil judgments, I.C.R. 33(b) contains few standards governing judgments of conviction and no standards governing judgments of acquittal:
The judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, judgment shall be entered accordingly. The judgment shall be signed by the judge and entered by the clerk.
In the absence of standards governing the contents of a judgment of acquittal, I am unable to conclude that the district court’s inclusion of the offending sentence was inconsistent with applicable legal standards.
Finally, Lee argues that the district court violated his due process rights, relying upon our decision in Smith v. State, 146 Idaho 822, 203 P.3d 1221 (2009), in which we considered the process for designation of an individual as a “violent sexual predator” (VSP). Not surprisingly, he has seized upon language from the United States Supreme Court quoted in that opinion, and argues that the district court has branded him with a “badge of infamy” that necessitates due process protection. Wisconsin v. Constantineau, 400 U.S. 433, 437, 91 S.Ct. 507, 510, 27 L.Ed.2d 515, 519 (1971). I do not view this ease as implicating the concerns we addressed in Smith or that the United States Supreme Court addressed in Constantineau. In Smith, we addressed the nature of the “branding” that implicated due process concerns:
Idaho provides a computerized sex offender registry that is accessible to the public via the internet complete with photos of all sex offenders, along with their personal information including name, address, date of birth, and offense history. *448 I.C. § 18-8323. Furthermore, there is a special link for those sex offenders designated as VSPs. This Court has recognized “the fact that registration brings notoriety to a person convicted of a sexual offense ... prolong[s] the stigma attached to such convictions.” Ray v. State, 133 Idaho 96, 101, 982 P.2d 931, 936 (1999).
Designation as a VSP results in consequences beyond simply requiring the designee to register as a sex offender. Sex offenders need only update their information and photographs in the registry annually, while VSPs must do so every ninety days. I.C. §§ 18-8307; 18-8308. Non-VSP offenders may petition a court for relief from the duty to register after a period of ten years. I.C. § 18-8310(1). On the other hand, a VSP has no right to such relief. Thus, for an offender designated as a VSP, the scarlet letters are indelible.
While the duty to register as a sex offender is triggered simply by reason of conviction for a specified crime, classification as a VSP is based upon a factual determination of probable future conduct, i.e., that the offender poses a high risk of committing an offense or engaging in predatory sexual conduct. I.C. § 18-8314. This distinguishes Idaho’s VSP system from a sex offender registry based solely on the fact of conviction of a predicate offense. As to the latter, the United States Supreme Court has concluded that sex offender registration laws do not violate the offender’s procedural due process rights, noting the offender “has already had a procedurally safeguarded opportunity to contest” the charge. Conn. Dep’t of Pub. Safety v. Doe, 538 U.S. 1, 7, 123 S.Ct. 1160, 1164, 155 L.Ed.2d 98, 105 (2003); see also Doe v. Tandeske, 361 F.3d 594 (9th Cir.2004). In reaching this conclusion, the Supreme Court emphasized that Connecticut’s registry requirement is “based on the fact of previous conviction, not the fact of current dangerousness ... [i]ndeed, the public registry explicitly states that officials have not determined that any registrant is currently dangerous.” 538 U.S. [1] at 4, 123 S.Ct. 1160 [1163], 155 L.Ed.2d 98, 103.
Smith, 146 Idaho at 828, 203 P.3d at 1227 (2009). In this case, the judgment of acquittal was provided only to the prosecutor, Lee’s attorneys (his public defender and the SAPD), the Ada County Jail and the Idaho Department of Corrections. In my view, this limited circulation does not implicate the concerns addressed by this Court in Smith or the public posting in all retail liquor outlets within a city addressed in Constantineau. 400 U.S. at 435, 91 S.Ct. at 509, 27 L.Ed.2d at 517-18. Thus, I would find that Lee’s claims of error by the district court are without merit.
Rather than addressing Lee’s contentions, the Court has elected to exercise its supervisory power under Article V, § 2 of the Idaho Constitution, and directed the district court to enter “an amended judgment of acquittal eliminating the sentence in question.” The Court has done so because the sentence is “surplus and unnecessary.” While I do not doubt the accuracy of this characterization, I do not think that we ought to do so in this case.
First, the judgment of acquittal is replete with surplusage. The entire text of the judgment follows. I have underlined that which, to my eye, is clearly surplusage.
The defendant was convicted after a trial by jury of the offense of Failing to Register as a Sex Offender. He registered in Idaho, cut off his ankle monitor and fled and was eventually located in Belize after traveling in the United States. The Court of Appeals affirmed the conviction by its opinion No. 38, filed June 29, 2011. The Supreme Court overturned that decision by its Opinion No. 109 filed July 5, 2012. Based upon the Supreme Court’s decision and a remittitur having entered, the verdict of the jury is vacated and a judgment of acquittal is entered. Because he is a serious pedophile, it is hoped that the authorities will be able to keep a closer watch on him in the future. As mandated, a judgment of acquittal is entered.
It is so ordered.
Dated this 8th day of August, 2012.
/s/
Deborah A. Bail
*449 District Judge
If this Court were serious about removing all surplusage from judgments, we might start here by ordering more than the removal of one single sentence. However, this is not the reason for my dissent.
I am comfortable with this Court exercising its supervisory authority to resolve cases when doing so will save the parties time and money, as in instances where it is evident that a remand will simply result in another appeal to this Court and the ease may be brought to a conclusion based upon a question of law, rather than fact or the exercise of the trial court's discretion. However, I do not view this ease as one where the Court ought to exercise its supervisory authority in order to edit a single judgment entered by one court. The reality is that surplusage is injected into nearly every judgment entered by the courts of this state, most often at the request and/or insistence of counsel. Indeed, the continuing inability to obtain judgments that meticulously conform to the unambiguous requirements of I.R.C.P. 54(a) has led this Court to routinely overlook small quantities of surplus verbiage in the vast majority of appeals in civil cases.
In the absence of a rule providing any standards whatsoever for criminal judgments, I cannot join in the decision to exercise our supervisory authority to strike the single surplus sentence in this case. Rather than proceeding on an ad hoc basis and reversing the district court, this Court ought to request the Criminal Rules Committee to draft amendments to I.C.R. 33(b) for this Court's consideration and adoption. If we do that, we will give the lawyers and judges of this state clear direction and will permit meaningful appellate review of criminal judgments.